IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC DE'JUAN JONES                                                              PETITIONER

V.                                                        CIVIL ACTION NO. 2:11cv109-KS-MTP

WARDEN REAGANS                                                                RESPONDENT

## ORDER

THIS MATTER is before the court on the Petitioner's Motion To Appoint Counsel, for Discovery, and for an Evidentiary Hearing [7]. The court having considered the motion and the applicable law finds that it should be denied.

In his Motion to Appoint Counsel [7], Petitioner seeks appointment of counsel because he claims the facts and legal issues of his case are complex and because there are unresolved facts that will be difficult to develop without counsel.[1] Based on the record before the court, the "interests of justice" do not require the appointment of counsel at this time. *See Cotton v. Cain*, 182 F.3d 914, 1999 WL 423009, at *1 (5th Cir. May 28, 1999).

Petitioner also requests discovery in this matter. Specifically, he requests the following: a physical and mental examination pursuant to Federal Rule of Civil Procedure 35; leave to propound 18 requests for production of documents; leave to propound 95 requests for admission; leave to propound 13 interrogatories and additional requests for production of documents; and leave to conduct 3 depositions, including his own. *See* Proposed Discovery [7-2]. Further, Petitioner seeks to expand the record with the discovery requested in his motion and numerous

---

[1] Petitioner incorrectly requests counsel pursuant to 18 U.S.C. § 3006A, which applies to criminal defendants and not habeas litigants.

additional documents, including his grievances and financial records.[2]  *Id.*

The Supreme Court has held that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . " Expounding on the "good cause" clause under Rule 6(a), the Supreme Court stated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The Fifth Circuit has found that "[g]ood cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris*, 394 U.S. at 290). However, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6 ." *Murphy*, 205 F.3d at 814.

The court finds that Petitioner has failed to show good cause to allow him to conduct discovery. Accordingly, Petitioner's request for discovery should be denied at this time.

---

[2]Pursuant to Rule 7 of the Rules Governing Section 2254 Cases, the court may "direct the parties to expand the record by submitting additional materials relating to the petition." *See also Brown v. Johnson*, 224 F.3d 461, 467 (5th Cir. 2000) (quoting *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977)) (stating that "district courts have a number of tools at their disposal, including Rule 7, which can be used to expand the record and 'dispose of some habeas petitions not dismissed on the pleadings ... without the time and expense required for [a full-fledged] evidentiary hearing'").

Finally, Petitioner claims that an evidentiary hearing is needed to resolve certain factual disputes. Rule 8(a) provides that "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2254 Cases. Section 2254(e)(2) delineates the narrow circumstances under which an evidentiary hearing may be held in federal court:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A)  the claim relies on–
> > > (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> > (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

The Supreme Court recently held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also McCamey v. Epps*, --- F.3d ----, 2011 WL 4445998, at *5 (5th Cir. Sept. 27, 2011) (holding that in light of *Pinholster*, the district court erred in allowing an evidentiary hearing; "the district court's review should have been . . . confined to the record in

the state court"). However, the Court's ruling did not render Section 2254(e)(2) superfluous. "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. . . . § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Pinholster*, 131 S. Ct. at 1401.

Petitioner's claims were rejected on their merits in state court.[3] To the extent Section 2254(d)(1) is applicable to this case, this court's review is limited to the state court record. *Pinholster*, 131 S. Ct. at 1398. However, because Petitioner failed to timely file his petition for certiorari with the Mississippi Supreme Court, this court may not reach a review under Section 2254(d)(1).[4]

To the extent Section 2254(d)(1) does not apply to this case and Section 2254(e)(2) continues to have force, the court finds that Petitioner has failed to meet the narrow restrictions of Section 2254(e)(2), and is not entitled to an evidentiary hearing at this time. *See Murphy,* 205 F.3d at 815 ("[O]vercoming the narrow restrictions of § 2254(e)(2) does not guarantee a

---

[3]The Lawrence County Circuit Court dismissed Petitioner's motion for post-conviction collateral relief, finding that it was procedurally barred. *Jones v. State*, --- So. 3d ----, 2011 WL 692908, at *2 (Miss. Ct. App. Mar. 1, 2011). However, the Mississippi Court of Appeals held that the circuit judge erred when he determined that Petitioner's PCR motion was barred, finding that his claim was an exception to the time and successive writ bars. *Jones,* 2011 WL 692908, at *3. Accordingly, the Mississippi Court of Appeals considered Petitioner's claims and found them to be without merit. *Id.* at *3-*5.

[4]Petitioner's motion for rehearing was denied by the Mississippi Court of Appeals on May 31, 2011. *Jones v. State*, --- So. 3d ----, 2011 WL 692908 (Miss. Ct. App. Mar. 1, 2011). However, Petitioner's petition for writ of certiorari was denied as untimely by the Mississippi Supreme Court pursuant to Miss. R. App. P. 17(b). *See* Ex. A to Supplemental Motion [18]. Currently pending before the court are the Motion to Dismiss as Procedurally Barred [10] and the Amended Motions to Dismiss [15] [18].

petitioner an evidentiary hearing, it merely opens the door for one; once a petitioner overcomes the obstacles of § 2254(e)(2), under Rule 8 of the Rules Governing § 2254 Cases, the district court retains discretion over the decision to grant an evidentiary hearing."); *Riddle v. Cockrell,* 288 F.3d 713, 720 (5th Cir 2002) ("[E]ven after an individual meets the standard set forth in § 2254(e), a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion."). Petitioner is "entitled to an evidentiary hearing only where a factual dispute, if resolved in his favor, would entitle him to relief, and not where [the] allegations are merely conclusory allegations unsupported by specifics." *Murphy,* 205 F.3d at 816; *see also Shields v. Dretke,* 122 F. App'x 133, 156 (5th Cir. 2005).

As Petitioner has failed to meet the narrow restrictions of Section 2254(e)(2), his request to expand the record should also be denied. *See Shelton v. Quarterman*, 294 F. App'x 859, 868 (5th Cir. 2008) ("Section 2254(e)(2), relating to 'evidentiary hearings,' also governs when a district court may consider evidence not presented to the state courts."). Accordingly,

IT IS, THEREFORE, ORDERED:

That Petitioner's Motion to Appoint Counsel, for Discovery and to Expand the Record, and for an Evidentiary Hearing [7] is DENIED.

SO ORDERED this the 12th day of October, 2011.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge