IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


ERIC DE'JUAN JONES, #50222

VS.                                                       CIVIL ACTION NO. 2;11cv109-KS-MTP

WARDEN REGANS

### ORDER ACCEPTING REPORT AND RECOMMENDATION

This cause is before the Court on petition of Eric De'Juan Jones filed pursuant to

28 U.S.C. § 2254, Respondent's Motion to Dismiss [10][15] [18],  the Report and

Recommendation of Magistrate Judge Michael T. Parker [28] and Petitioner's

Objections to the Report and Recommendation [29].  The Court has considered the

above documents as well as the record herein and finds that the petition should be

dismissed with prejudice. The Court further finds that the Respondent's Motions to

Dismiss [10][15] are denied as moot and that Petitioner's Motion for Federal Invention

[4] and Petitioner's Motion for Certified Question or Sentence Order of Computation [8]

and Motion to Expand the Record [17] should be denied for the following reasons for the

following reasons.

### I.  PROCEDURAL HISTORY

On June 25, 2003, Petitioner Eric De'Juan Jones pled guilty to the possession of cocaine

in the Circuit Court of Lawrence County, Mississippi and was sentenced to a term of sixteen

years with ten years suspended "pending successful completion of a supervised period of post-

release for five (5) years." *See* Exs. A and B to Motion [10].  On or about April 5, 2008,

Petitioner's post-release supervision was revoked due to his failure to report to his field officer,

testing positive for marijuana, and refusing to submit to a urinalysis; he was sentenced to serve

the remaining ten years of his sentence.  *See* Ex. C to Motion [10].

On or about October 3, 2008,[1] Petitioner filed a motion for post-conviction collateral

relief (hereinafter "PCR") in the trial court, in which he raised the following grounds (as stated

by Petitioner): "A.  Jones is unlawfully held in custody as his time has expired; B. Jones is

unlawfully held in custody as his suspend (sic) sentence was unconstitutionally revoked."[2]  On

March 4, 2009, the Lawrence County Circuit Court summarily dismissed Petitioner's PCR.[3]

Petitioner appealed the trial court's dismissal of his PCR, and on March 1, 2011, the

Mississippi Court of Appeals affirmed the dismissal of Petitioner's PCR.  *See Jones v. State*, ---

So. 3d ----, 2011 WL 692908, at *3 (Miss. Ct. App. Mar. 1, 2011).  The Mississippi Court of

Appeals held that the circuit judge erred in finding that Petitioner's PCR was barred by the time

and successive-writ bars, as his claims that his sentence had expired and that his conditional

release was unlawfully revoked were exceptions to the time and successive writ bars.  *Jones*,

2011 WL 692908, at *3.  However, the Mississippi Court of Appeals found Petitioner's claims to

be without merit and affirmed the trial court's dismissal.  *Id.* at *3-*5.  Petitioner's motion for

rehearing was denied on May 31, 2011; his petition for writ of certiorari was dismissed as

untimely.  *Jones*, 2011 WL 692908; Ex. A to Supplemental Motion [18].

Petitioner filed the instant petition for writ of habeas corpus on or about May 10, 2011.

---

[1]Petitioner's motion was signed on June 19, 2008, but is stamp "filed" October 3, 2008.  *See* Ex. D to Motion [10].

[2]*See* Ex. D to Motion [10].  As noted by Respondent, the Mississippi Supreme Court website indicates that Petitioner originally attempted to file a petition for post-conviction relief in the Mississippi Supreme Court, Cause No. 2008-TS-739.  However, the petition was dismissed without prejudice because Petitioner had pled guilty, and, therefore, the petition should have been filed in the trial court. *See* Miss. Code Ann. § 99-39-7.

[3]*See* Ex. E to Motion [10].

Liberally construing his petition, the court finds that Petitioner raises the same grounds raised in his PCR set forth above.  Respondent claims Petitioner's petition is procedurally barred and should be dismissed.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Court notes that some of Petitioner's problems were created by late filings. As in the past, Petitioner's Objection [29] was not timely filed but the Court will consider same.  In his Objection Petitioner argues the merits of his case and argues that he should have been given the opportunity to present his case with the benefit of a transcript.  However, the Petitioner misses the point in that the Magistrate Judge's ruling was based on a failure to exhaust remedies.  By failing to timely file his Petition for *Writ of Certiorari* to the Mississippi Supreme Court, Petitioner did not give the state courts a

full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review.  *O'Sullivan*, 526 U.S. at 840-41, 844-45, 847-48 (holding that failure to timely raise claims in petition for leave to appeal to the state's highest court (that had been raised before the intermediate appellate court)).  Petitioner no longer has the ability to exhaust these issues. Federal courts are now barred from reviewing those claims that were procedurally barred.

The Magistrate Judge went into the requirements for equitable tolling and the two narrow exceptions, "cause and actual prejudice" or "fundamental miscarriage of justice." The petitioner has not complied with either one and, therefore, this Court is prevented from hearing the claims based on the procedural default.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Jones' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Eric De'Juan Jones' petition for *Writ of Habeas Corpus* is **dismissed with prejudice**. Respondents Motions to Dismiss [10][15][18] are dismissed as  moot.  Petitioner's Motions for Federal Intervention [4], Motion for Certified Question or Sentence Order of Computation [8], and Motion to Expand the Record [17] are denied.

SO ORDERED this, the <u>2nd</u> day of December, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE